# IN THE UNITED STATES BANKRUPTCY COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE: ) | |
| ) | |
| COLUMBIA FOODS, INC. ) | CASE NO. 105-15716 |
| ) | |
| Debtor. ) | CHAPTER 11 |
| ) | |
| ) | JUDGE MARIAN F. HARRISON |
| ) | |

_____

## MEMORANDUM OPINION

_____

This matter is before the Court upon Hull Storey Retail Group's (hereinafter "Hull Storey") motion for relief from the automatic stay. The Court held a preliminary hearing on this matter, and after a review of the case law, determined that the matter should be briefed by the parties. Based on the pleadings and the arguments of counsel, the Court finds, as a matter of law, that Hull Storey is entitled to relief from the automatic stay to enforce its state remedies regarding possession of the premises.

## I. BACKGROUND

The relevant facts are as follows. The debtor operates a restaurant on property owned by Hull Storey. Prior to the debtor's bankruptcy petition, on November 18, 2005, the General Sessions Court of Maury County entered an order of possession in Hull Storey's favor. Less than 30 minutes later, the debtor filed for bankruptcy protection pursuant to Chapter 11. The debtor did not file a notice of appeal in the Circuit Court of Maury County until March 31, 2006.

## II. ARGUMENTS

The narrow issue before the Court is whether Hull Storey is entitled to possession of the property in question. Hull Storey asserts that 11 U.S.C. § 108(b) tolled the time for filing a notice of appeal for 60 days after the bankruptcy petition date (January 17, 2006). Because the debtor did not file its notice of appeal within that time, Hull Storey submits that the judgment of the Maury County General Sessions Court granting possession of the property is final. In response, the debtor submits that 11 U.S.C. § 108(c) tolls the time for filing its notice of appeal until 30 days after the expiration of the automatic stay.

2 - U.S. Bankruptcy Court, M.D. Tenn.

Case 1:05-bk-15716   Doc 64   Filed 05/25/06   Entered 05/25/06 11:34:39   Desc Main
Document      Page 2 of 6

## III. DISCUSSION

The Court has reviewed the case law, and although there is no Sixth Circuit law on this specific issue, the Court is persuaded that 11 U.S.C. § 108(b) is determinative of this case. 11 U.S.C. § 108(b) provides:

> Except as provided in subsection (a) of this section, if applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period ***within which the debtor*** or an individual protected under section 1201 or 1301 of this title may file any pleading, demand, notice, or proof of claim or loss, cure a default, or perform any other similar act, and such period has not expired before the date of the filing of the petition, the trustee may only file, cure, or perform, as the case may be, before the later of–
>
> (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
>
> (2) 60 days after the order for relief.

(Emphasis added).

11 U.S.C. § 108(c) provides:

> Except as provided in section 524 of this title, if applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim ***against the debtor***, or against an individual with respect to which such individual is protected under section 1201 or 1301 of this title, and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of–
>
> (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
>
> (2) 30 days after notice of the termination or expiration of the stay under section 362, 922, 1201, or 1301 of this title, as the case may be, with respect to such claim.

(Emphasis added).

Initially, the Court recognizes that the Eighth Circuit Court of Appeals has applied 11 U.S.C. § 108(c) to the filing of a notice of appeal by a debtor. *See **Bunch v. Hoffinger Indus., Inc. (In re Hoffinger Indus., Inc.)**,* 329 F.3d 948 (8th Cir. 2003). *See also **In re Meredith**,* 337 B.R. 574 (Bankr. E.D. Va. 2005). However, these cases are not persuasive.

First, the plain language of 11 U.S.C. § 108(b) indicates that it is meant to apply to actions taken by a debtor or trustee, whereas the language of 11 U.S.C. § 108(c) indicates that it is meant to apply to actions taken against a debtor. *See **Vergos v. Gregg's Enter., Inc.**,* 159 F.3d 989, 990 (6th Cir. 1998) (citations omitted) (where language of statute is plain, court's sole function is to enforce the statute according to its terms).

Moreover, the legislative history bolsters the adoption of the statute's plain meaning. The purpose in adopting 11 U.S.C. § 108(b) was to afford a trustee or a debtor in possession a longer period to determine the advisability of further steps in litigation or business transactions to protect the interests of the estate. *See **Autoskill v. Nat'l Educ. Support Sys.**,* 994 F.2d 1476, 1485 (10th Cir. 1993). Whereas, the purpose of 11 U.S.C. § 108(c) is to protect creditors that may later desire to assert state law causes of action by tolling applicable statutes of limitation during the pendency of the automatic stay. *See **NBD Bank, N.A. v.***

*Fletcher (In re Fletcher)*, 176 B.R. 445, 454 (Bankr. W.D. Mich. 1995). To allow a debtor to choose which tolling provision best suits its needs would create an unfair advantage that the Bankruptcy Code did not intend. Theoretically, when a creditor wins in state court, the debtor could file its bankruptcy petition rather than filing a notice of appeal, thus potentially stalling the state court litigation until the bankruptcy case was closed. Under this scenario, the creditor's hands would be tied since there would be no further action it could take in the bankruptcy court or in the state court.

In the present case, the time period within which the debtor could file a notice of appeal was the only thing pending at the time of the bankruptcy petition. The filing of a notice of appeal by a debtor is well within the sweeping, catchall language of 11 U.S.C. § 108(b). **See Autoskill v. Nat'l Educ. Support Sys.**, 994 F.2d 1476, 1484; **Bell v. Alden Owners, Inc.**, 199 B.R. 451, 460 (S.D.N.Y. 1996).

## IV. <u>CONCLUSION</u>

Accordingly, the Court holds that 11 U.S.C. § 108(b) gave the debtor up to 60 days from the filing of its bankruptcy petition to file a notice of appeal in the state court action. There is no question that the debtor did not file its notice of appeal within this time, and therefore, the state court order of possession is a final order and Hull Storey is entitled to enforce its state remedies as to possession of the premises.

An appropriate order will enter.

**This Memorandum Opinion was signed and entered electronically as indicated at the top of the first page.**