# IN THE UNITED STATES BANKRUPTCY COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE: ) | |
| ) | |
| COLUMBIA FOODS, INC. ) | CASE NO. 105-15716 |
| ) | |
| Debtor. ) | CHAPTER 11 |
| ) | |
| ) | JUDGE MARIAN F. HARRISON |
| ) | |

_____

## MEMORANDUM OPINION

_____

This matter is before the Court upon the debtor's motion to voluntarily dismiss its case pursuant to 11 U.S.C. § 1112(b). The only objection was filed by Hull Storey Retail Group (hereinafter "Hull Storey"). For the following reasons, which represent the Court's findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052, the Court finds that the motion to dismiss should be granted.

## I. BACKGROUND

The debtor operated a restaurant on property owned by Hull Storey. Prior to the debtor's bankruptcy petition, on November 18, 2005, the General Sessions Court of Maury County entered an order of possession in Hull Storey's favor. Less than 30 minutes later, the debtor filed for bankruptcy protection pursuant to Chapter 11. The debtor did not file a notice of appeal in the Circuit Court of Maury County until March 31, 2006. Hull Storey filed a motion for relief from the automatic stay, asserting that the judgment of the General Sessions Court of Maury County was final because the debtor did not file a timely notice of appeal from that ruling.

Based on the arguments of counsel and post-hearing briefs, the Court granted Hull Storey's motion for relief, finding that the state court order of possession was a final order and that Hull Storey was entitled to enforce its state remedies as to possession of the premises.

Prior to the Court's ruling, Hull Storey filed an amendment to its motion for relief, asserting that the lease should be deemed rejected pursuant to 11 U.S.C. § 365(d)(4)(A), and the debtor filed a motion to assume the lease. The motion to assume was deemed moot because thereafter, the debtor filed its motion to dismiss the case. Hull Storey's amendment to its motion for relief was not brought to the Court's attention until the hearing on the debtor's motion to dismiss its case.

## II. ARGUMENTS

At the hearing, the debtor asserted that cause exists for the dismissal of this case. Specifically, the debtor pointed to the fact that the restaurant is no longer operating and that reorganization is no longer feasible. In addition, the debtor argued that conversion to Chapter 7 would be burdensome.

While Hull Storey filed a written objection to the motion to dismiss, it asserted at the hearing that it would not be harmed by or object to dismissal if the Court would first rule on its argument that the lease was rejected as of March 18, 2006, pursuant to 11 U.S.C. § 365(d)(4)(A).

## III. DISCUSSION

Whether a motion to dismiss a Chapter 11 case is filed by an interested party or by the debtor, the movant has the burden to show cause for such relief. Specifically, 11 U.S.C. § 1112(b), as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (hereinafter "BAPCPA"), provides that a motion to dismiss or convert will be granted after notice and a hearing:

> absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause.

11 U.S.C. § 1112(b)(1). In other words, upon a showing of cause, the Court shall dismiss or convert the case unless special circumstances exist that establish that the requested dismissal or conversion is not in the best interests of creditors and the estate. Cause includes a "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." 11 U.S.C. § 1112(b)(4)(A).

In the present case, the franchise agreement for the restaurant has been terminated, and this Court has ruled that Hull Storey is entitled to possession of the real property. The debtor is not operating at this time and without a restaurant franchise or a location, there is absolutely no possibility of rehabilitation. Moreover, now that the debtor has lost its restaurant franchise, it appears that this is basically a two-party dispute that does not need to be addressed in the bankruptcy forum. *See In re 3 Ram, Inc.*, 343 B.R. 113, 119 (Bankr. E.D. Pa. 2006). Thus, the Court finds that cause exists under 11 U.S.C. § 1112(b)(4). Furthermore, there is no basis for converting as opposed to dismissing this case since there do not appear to be any assets for a Chapter 7 Trustee to administer.

Finally, the Court considers Hull Storey's request for a finding that the debtor rejected its lease as of March 18, 2006, pursuant to 11 U.S.C. § 365(d)(4)(A). While the Court appreciates Hull Storey's position, such a finding would be contradictory to the Court's earlier ruling. As asserted by Hull Storey in its response to the debtor's motion to dismiss:

> The Lease was terminated on September 16, 2005, after which, a trial was held in the General Sessions Court for Maury County, Tennessee, wherein the issue of proper termination was litigated, and on November 18, 2005, [Hull Storey] obtained a Judgment and Order (the "Maury County Order") granting [Hull Storey] possession of the premises demised in the Lease.

This Court held that the Maury County Order granting possession is a final order. Thus, there was no lease for the debtor to assume or reject by March 18, 2006.

## IV. CONCLUSION

Accordingly, the Court holds that the debtor's motion to dismiss should be granted.

An appropriate order will enter.

**This Memorandum Opinion was signed and entered electronically as indicated at the top of the first page.**